NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
30371
21-OCT-2011
09:06 AM**

NO. 30371

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
LITO A. MATEO, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 07-1-0107)

SUMMARY DISPOSITION ORDER
(By:  Foley, Presiding J., Leonard and Reifurth, JJ.)

Defendant-Appellant Lito A. Mateo (Mateo or Defendant) appeals from the Judgment of Conviction and Sentence filed February 9, 2010 in the Circuit Court of the Third Circuit (circuit court).[1]  A jury found Mateo guilty of Murder in the Second Degree, in violation of Hawaii Revised Statutes (HRS) § 707-701.5(1) (1993), and Carrying or Use of Firearm in the Commission of a Separate Felony, in violation of HRS § 134-21(a) (Supp. 2010).

On appeal, Mateo contends:

(1)  The circuit court abused its discretion in denying Mateo's Motion in Limine No. 1, in which Mateo sought to preclude the State of Hawaiʻi (State) and its witnesses from referring to decedent Tito Rafol (decedent or Rafol) as "the victim."

(2)  The circuit court erred in denying Mateo's oral motion for judgment of acquittal where Mateo was under the

_____

[1]  The Honorable Glenn S. Hara presided.

influence of extreme mental and emotional disturbance (EMED) at the time of the incident.

(3) In the State's closing argument, its characterization of the incident as an "execution-style killing" constituted prosecutorial misconduct.

(4) The circuit court's jury instructions were prejudicially insufficient, erroneous, and misleading because they failed to specify that a showing of a total loss of self-control was not necessary to establish the EMED defense.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Mateo's points of error as follows:

(1) The circuit court did not abuse its discretion by denying Mateo's Motion in Limine No. 1 and allowing the State to refer to Rafol as "victim." Mateo's reliance on State v. Nomura, 79 Hawai'i 413, 903 P.2d 718 (App. 1995), for the proposition that referring to a complaining witness as "victim" is prejudicial is misplaced. This court in Nomura based its holding on Hawaii Rules of Evidence Rule 1102, which forbids the court from commenting on the evidence. Nomura, 79 Hawai'i at 417, 903 P.2d at 722. In the instant case, the circuit court made no such comment on the evidence, but rather only the State and a witness referred to Rafol as "victim."

A new trial or the setting aside of a guilty verdict is warranted only where the defendant's right to a fair trial is prejudiced. State v. McGriff, 76 Hawai'i 148, 158, 871 P.2d 782, 792 (1994). Allowing Rafol to be called "victim" by the State and the State's witness did not prejudice Mateo's right to a fair trial. In Nomura, this court held that the term "victim" includes a "person who is the object of a crime as the victim of a robbery is the person robbed" or "one that is acted on and . . . adversely affected by a force or agent or one that is

2

injured." Nomura, 79 Hawai'i at 416, 903 P.2d at 721 (internal quotation marks, citations, brackets, and ellipsis in original omitted). At most, referring to Rafol as the "victim" concludes that Rafol was harmed by another, an issue that is not in dispute in this case.

(2) The circuit court's denial of Mateo's oral motion for judgement of acquittal was proper. According to Hawai'i Rules of Penal Procedure (HRPP) Rule 29(a), the circuit court "shall order the entry of judgment of acquittal of one or more offenses alleged in the charge after the evidence on either side is closed if the evidence is insufficient to sustain a conviction of such offense or offenses." When reviewing a judgment of acquittal, the appellate court judges

> whether, upon the evidence viewed in the light most favorable to the prosecution and in full recognition of the province of the trier of fact, the evidence is sufficient to support a prima facie case so that a reasonable mind might fairly conclude guilt beyond a reasonable doubt. . . . Under such a review, we give full play to the right of the fact finder to determine credibility, weight [sic] the evidence, and draw justifiable inferences of fact.

State v. Poohina, 97 Hawai'i 505, 508-09, 40 P.3d 907, 910-11 (2002) (quoting State v. Aplaca, 96 Hawai'i 17, 21, 25 P.3d 792, 796 (2001)).

Mateo's argument that he proved the affirmative defense of EMED does not warrant a judgment of acquittal. Mateo improperly focuses on the affirmative defense, rather than the State's presentation of a prima facie case. While the testimonies of Mateo's two expert witness do support the contention that Mateo did suffer from EMED at the time of the incident, when judging a motion for judgment of acquittal, "it is the province of the trier of fact, and not an appellate court, to determine the credibility of witnesses and to assess the weight and effect of the evidence adduced at trial." Aplaca, 96 Hawai'i at 23, 25 P.3d at 798. The State clearly carried its burden by presenting evidence of all of the elements of Murder in the Second Degree and Carrying or Use of Firearm in the Commission of

a Separate Felony. The question of whether Mateo suffered from EMED does not affect the State's presentation of a prima facie case.

(3) The State's characterization of the incident as an "execution style killing" during its closing argument was a permissible comment on the testimony of Dr. Hall and did not constitute prosecutorial misconduct. During closing argument, the prosecutor "is permitted to draw reasonable inferences from the evidence and wide latitude is allowed in discussing the evidence. It is also within the bounds of legitimate argument for prosecutors to state, discuss, and comment on the evidence as well as to draw all reasonable inferences from the evidence." State v. Carvalho, 106 Hawai‘i 13, 18, 100 P.3d 607, 612 (App. 2004) (citations omitted) (quoting State v. Clark, 83 Hawai‘i 289, 304, 926 P.2d 194, 209 (1996)). The instances in which the prosecutor referred to the incident as an "execution" or "execution style killing" were in direct reference to Dr. Hall's testimony that the incident was "highly compatible with execution behavior." Because the statements by the prosecutor in his closing argument were comments on and reasonable inferences from the evidence presented, the prosecutor's use of the phrase "execution style killing" and "execution" did not constitute prosecutorial misconduct.

(4) The circuit court's jury instructions regarding EMED were proper and did not warrant further clarification on the loss of self-control required for EMED. Mateo's reliance on State v. Kupihea, 80 Hawai‘i 307, 909 P.2d 1122 (1996), for the proposition that the court must clarify that the loss of self-control need not be complete for a finding of EMED is misplaced. In Kupihea, the Hawai‘i Supreme Court examined whether the State's hypothetical, in which a hypothetical individual suffered from a complete loss of self-control, was prejudicial to the defendant. Id. at 312 & 317, 909 P.2d at 1127 & 1132. Kupihea argued that "it is error to say the mental or emotional

4

disturbance must result in the total loss of self[-]control." Id. at 317, 909 P.2d at 1132. The supreme court, without making a ruling on the validity of Kupihea's argument, stated that "taken in context, we do not believe that is what the prosecutor said." Id.

In the instant case, however, the circuit court made no mention of a "total" or "complete" loss of self-control, but instead described self-control as a "significant factor" in deciding EMED. The Hawai'i Supreme Court has already upheld such a description of self-control in relation to EMED. In State v. Matias, 74 Haw. 197, 204, 840 P.2d 374, 378 (1992), the court held that "[t]he applicable case law leaves no doubt that the question of a killer's self-control, or lack of it, at the time of the killing is a significant, even determining, factor in deciding whether the killer was under the influence of an extreme emotional disturbance." By simply describing the relationship between self-control and EMED in a manner consistent with the supreme court's interpretation of EMED, the circuit court did nothing to warrant a further clarification that the loss of self-control need not be a total loss.

Therefore,

IT IS HEREBY ORDERED that the Judgment of Conviction and Sentence filed on February 9, 2010 in the Circuit Court of the Third Circuit is affirmed.

DATED: Honolulu, Hawai'i, October 21, 2011.

On the briefs:

Jon N. Ikenaga,
Deputy Public Defender,
for Defendant-Appellant.

Darien W.L.C. Nagata,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge